■ In the Matter of WENDY L. K., Respondent, v JEFFREY S., Appellant. [722 NYS2d 931] —Case held, decision reserved and matter remitted to Wyoming County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in summarily denying respondent's motion seeking to vacate an order of filiation entered September 30, 1988. Petitioner gave birth to a son on February 6, 1987. She filed a support petition under the Uniform Support of Dependents Law ([USDL] Domestic Relations Law former art 3-A). On the return date of the petition, respondent admitted paternity. The order of filiation indicated that respondent waived counsel, a chemical test and a hearing and directed respondent to pay weekly child support. The support order was terminated by the initiating court in Pennsylvania on August 19, 1994, on the assumption that the child had been adopted, and that court stated that no arrears were owed. That order was rescinded, however, on October 13, 1995. In May 1995 petitioner had filed an "initial support petition" under the USDL for the same child, seeking reimbursement for public assistance. Public assistance terminated on November 1, 1995. That petition was dismissed by the Hearing Examiner on February 14, 1996, on the ground that it would be unfair to charge respondent with support for the period of time in which it was assumed that he had no support obligation, based upon an adoption that never occurred. It does not appear from the record that objections were filed.

Petitioner filed the instant petition for support of the child on April 22, 1999 under the Uniform Interstate Family Sup-

port Act (Family Ct Act art 5-B), which replaced the USDL effective December 31, 1997. Respondent denied the allegations of the petition and sought to vacate the order of filiation in the interest of justice and either to dismiss the petition or to remit the matter for further proceedings, including a genetic marker or DNA test.

Respondent alleges in a verified pleading that, when he admitted paternity in 1988, he was 20 years old, without counsel, barely scraping by financially, and unable to afford either an attorney or a blood test. He alleges that he was never advised that he may have been entitled to an appointed attorney (*see,* Family Ct Act § 262 [a] [viii]), or that he had the right to remain silent (*see,* Family Ct Act § 531) and the right to collateral source payment for the blood test (*see,* Family Ct Act § 532 [c]). Those allegations have not been refuted. We therefore hold the case, reserve decision and remit the matter to Wyoming County Family Court to determine whether he was advised of those rights before admitting paternity and, if necessary, to conduct a reconstruction hearing. (Appeal from Order of Wyoming County Family Court, Griffith, J.—Vacate Order.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.