# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**137**

**CA 11-01710**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

JUDY T. READER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT W. READER, DEFENDANT-APPELLANT.

---

THE BROCKLEBANK FIRM, CANANDAIGUA (DEREK G. BROCKLEBANK OF COUNSEL), FOR DEFENDANT-APPELLANT.

MERKEL AND MERKEL, ROCHESTER (DAVID A. MERKEL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Ontario County (Philip A. Litteer, R.), entered November 20, 2010 in a divorce action. The judgment, inter alia, equitably distributed the assets of the parties.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following Memorandum: As limited by his brief, defendant appeals from those parts of a judgment of divorce determining that certain assets constituted marital property subject to equitable distribution and valuing those assets. Defendant contends, inter alia, that the Referee erred in determining that a purported bank account at Canandaigua National Bank (hereafter, bank account) constituted marital property subject to equitable distribution. The Referee concluded that the bank account was valued at $194,000, which was to be distributed equally between the parties. In making that determination, the Referee relied upon certain exhibits that were admitted in evidence at trial upon stipulation of the parties, but those exhibits were not included in the record on appeal. In addition, the Referee noted that there was a dispute regarding that bank account, but he failed to indicate the basis upon which he resolved that dispute. In the absence of the evidence upon which the Referee relied in making his determination and the reasoning used to resolve the dispute regarding the bank account, we are unable to review defendant's contention. We therefore hold the case, reserve decision and remit the matter to Supreme Court for a determination with respect to the content of the missing exhibits, after a reconstruction hearing if necessary (*see generally Matter of Garner v Garner*, 88 AD3d 708; *Matter of Wendy L.K. v Jeffrey S.*, 278 AD2d 785), and for the Referee to state the reasoning for his determination that defendant possessed the bank account and for his

valuation thereof.

Entered:  January 31, 2012                Frances E. Cafarell
                                          Clerk of the Court